CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 06 2014

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL FORMICA, | CASE NO. 7:14CV00449 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| F. G. AYLOR, ET AL., | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant(s). | |

Michael Formica, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that after he bit into a foreign object in his piece of country fried steak and broke an impacted wisdom tooth, a dentist said he needed surgery and pain medication, for which jail officials refused to pay. Formica sues two jail officials and a jail nurse, and Cattleman's Beef Products. He seeks monetary damages for negligence and for deliberate indifference to his serious medical needs regarding dental pain.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

As an initial matter, Formica cannot pursue a claim under § 1983 against Cattleman's Beef Products. Even if Formica could prove that this company manufactured the steak he was eating when he broke his tooth and was also somehow responsible for the foreign object in that steak, he states no facts suggesting that this company qualifies as a state actor subject to be sued under § 1983. West, supra. Formica fails to show any "close nexus between the State and the [company's] challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). Therefore, the court will summarily dismiss Formica's complaint as to his claims against Cattleman's Beef Products under § 1915A(b)(1).

Formica also states no actionable § 1983 claim against jail officials for negligently serving him a meal with a foreign object in it. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections). Formica simply states no facts suggesting that any of the defendant jail employees was personally involved in selecting, preparing, or serving the meat product on which he injured his tooth. See Farmer v. Brennan, 511 U.S. 825, 835-37 (1994) (finding claim of deliberate indifference to hazardous jail condition requires showing that defendant knew particular prison condition presented a substantial risk of serious harm and failed to respond reasonably). Therefore, the court will also summarily dismiss Formica's § 1983 claims that jail officials' negligence caused his tooth injury under § 1915A(b)(1).

2

Formica's claims that jail officials acted with deliberate indifference to his dental injuries and pain cannot be summarily dismissed under § 1915A(b)(1), however, and will go forward. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 6th day of October, 2014.

*/s/ Glen Conrad*
Chief United States District Judge