CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 05 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL FORMICA, | ) | CASE NO. 7:14CV00449 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| F. G. AYLOR, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Plaintiff Michael Formica, a Virginia inmate proceeding pro se, filed this civil rights action under 28 U.S.C. § 1983, alleging that he received inadequate dental care while incarcerated at the Central Virginia Regional Jail in 2013 and 2014.[1] Defendants have filed a motion to dismiss, and Formica has responded, making the matter ripe for decision. After review of the record, the court concludes that the motion to dismiss must be denied.

## Background

Formica's submissions present the following sequence of events related to his claims. A dentist told Formica in February 2012 that his wisdom teeth were impacted, but no extraction was necessary at that time. In late June 2013, Formica bit down on a piece of foreign matter in his country fried steak and cracked one of his wisdom teeth. The sharp edges of the broken tooth cut into his tongue, which became swollen to twice its normal size, making it difficult to eat. When Formica complained to the jail's medical staff about this painful condition, they advised him to see the jail dentist about any matter related to his teeth.

---

[1] Records in this court indicate that Formica was convicted on October 17, 2012, on several misdemeanor counts and sentenced to serve 84 months in jail, with 60 months suspended. See Formica v. Aylor, No. 7:14CV00357 (habeas corpus petition under 28 U.S.C. § 2254, currently referred to magistrate judge on respondent's Motion to Dismiss).

On July 12, 2013, the jail dentist examined Formica, ground down the sharp edges of the tooth, and prescribed pain medication and antibiotics. He said that he would advise the head nurse, Amanda Pitts, that the broken wisdom tooth was infected and would need to be removed by an outside dentist. Pitts and Major Dyer both advised Formica, however, that because his wisdom tooth problem was a preexisting condition, the jail would not pay to send him to an outside dentist to have the damaged tooth removed. By the end of July, Formica's prescription pain medication expired and was not refilled. On October 25, 2013, Formica's family sent him $1,100.00 to see the outside dentist. Formica wrote to Superintendant Aylor about the delays in getting his dental problems addressed. In November, Formica saw an oral surgeon, who x-rayed the affected area and determined that two wisdom teeth should be removed. The surgery occurred on January 13, 2014.

Formica believes that during the surgery, a filling was dislodged from one of his other teeth. On February 8, 2014, the jail dentist examined Formica, x-rayed the wrong side of his mouth, and "completely miss[ed] the problem" of the missing filling, but told Formica to come for a follow up if the problem persisted. (Compl. 6.) The problem did persist, so Formica asked to see the dentist again and was scheduled for an appointment on March 12. He told officials that this was a follow up visit for which he should not be charged. Because he refused to sign the charge sheet, he did not see the dentist that day. By late May, the tooth with the missing filling had cracked, leaving Formica in more pain. After an examination of the tooth on June 13, 2014, the jail dentist referred Formica to the outside dentist to get the problem addressed. The medical staff then advised Formica that he needed to have $350.00 in his trust account to see the outside dentist about the cracked tooth.

2

Formica signed and dated his § 1983 complaint on July 31, 2014, alleging that Aylor, Dyer, and Pitts acted with "deliberate indifference by using [his] indigent status" as a reason not to provide him prompt access to an outside dentist capable of treating his dental problems. He sought monetary damages.

Defendants filed a motion to dismiss, asserting lack of personal involvement in Formica's dental treatment, failure to state a constitutional claim, and qualified immunity. Specifically, they assert that Formica did not state facts showing that they knew of or delayed treatment for a serious medical need related to his dental problems. They also rely on a Virginia statute allowing local jails to charge inmates for medical care.[2]

In response to the motion to dismiss, Formica states that the broken tooth continued to cause him pain and eventually fell out, leaving an exposed root. He indicates that the jail dentist examined him in September, October, and November, 2014.[3] On two occasions, the jail dentist prescribed antibiotics and pain medication, but continued to refer him to the outside dentist, as he was unable to address the problem. Formica alleges that he "has a relatively severe heart condition" and was concerned that "bacteria from an open tooth root can cause . . . catastrophic damage to an impaired heart." (Resp. Mot. Dism. 5, ECF No. 35.) The jail dentist and Formica's cardiologist allegedly told him that the exposed root was a serious problem. Although Formica allegedly relayed this information to defendants, they refused to arrange an appointment

---

[2] See Va. Code Ann. § 53.1-126 ("Nothing herein shall be construed to require a . . . jail superintendant . . . to pay for the medical treatment of an inmate for any injury, illness, or condition that existed prior to the inmate's commitment to a local or regional facility, except that medical treatment shall not be withheld for any communicable diseases, serious medical needs, or life threatening conditions.").

[3] The court notes that Formica's additional information about his dental problems since July 31, 2014, are merely alleged in his responses to the motion to dismiss and are not set forth in a supplemental complaint, an affidavit or a verified declaration. Nor has Formica filed a motion for leave to file a supplemental complaint to bring this information properly before the court. The court will, however, construe his submissions as such a motion, which will be granted.

3

with the outside dentist, unless Formica had sufficient money in his account to pay for it. In February 2015, Formica notified the court that he had been transferred.

## Discussion

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "[T]he complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While the court must view the alleged facts in the light most favorable to the plaintiff, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Id. (internal quotations and citations omitted) (emphasis added). On the other hand, the court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

> To prevail on a claim of constitutionally inadequate medical care, a plaintiff must establish acts or omissions harmful enough to constitute deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). First, he must objectively show that the deprivation suffered or the injury inflicted was sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted).
>
> Next, the prisoner must show that the defendant acted with deliberate indifference to his serious medical need. See Farmer, 511 U.S. at 834.
>
> . . . .

4

> [O]fficials evince deliberate indifference by acting intentionally to delay or deny the prisoner access to adequate medical care or by ignoring an inmate's known serious medical needs. Estelle, 429 U.S. at 104-05; Young v. City of Mount Ranier, 238 F.3d 567, 576 (4th Cir. 2001). "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) (vacating and remanding summary dismissal of complaint alleging three-month delay in dental treatment); see Smith v. Smith, 589 F.3d 736, 738-39 (4th Cir. 2009) (finding claim of delay in administering prescribed medical treatment stated an Eighth Amendment claim).

Sharpe v. South Carolina Dept. of Corrections, No. 14-7582, __ F. App'x __, 2015 WL 1500680, at *1 (4th Cir. Apr. 3, 2015) (reversing dismissal of inmate's claim that dentist failed to treat his painful wisdom tooth and delayed referring him to oral surgeon for its extraction); see also Webb v. Driver, 313 F. App'x 591 (4th Cir. 2008) (finding that delay in providing inmate with medically necessary hernia surgery can amount to deliberate indifference, where doctor said surgery was required and inmate alleged ongoing, severe pain).

Supervisory officials may generally rely on the opinion of the medical staff as to the proper course of treatment and cannot be held vicariously liable for constitutional violations committed by officials under their supervision. Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990) (overruled in part on other grounds by Farmer, 511 U.S. at 840). To prove a supervisory official's liability, plaintiff must show that the official was personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment decisions, or tacitly authorized or was indifferent to the prison physicians' misconduct. Id. at 854. Even where plaintiff does not state facts showing direct involvement in the alleged violation by a supervisory defendant, plaintiff may still show that the constitutional deprivation was caused by the exercise of a policy or custom for which the supervisory defendant was responsible. See Fisher v. Wash. Metro. Area Transit Auth., 690 F.2d 1133, 1143 (4th Cir. 1982).

Inmates do not have a constitutional right to state-funded medical care, however. See, e.g., Reynolds v. Wagner, 936 F. Supp. 1216, 1223 (E.D. Pa. 1996) ("although the government must provide medical care, the Supreme Court has never held the government must pay for it"). The allocation of the cost of inmates' medical care is a matter of state law. See, e.g., City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 245 (1983). As a result,

> [a] prison official who withholds necessary medical care, for want of payment, from an inmate who could not pay would violate the inmate's constitutional rights if the inmate's medical needs were serious, because refusal to act pending the impossible is no different from refusing without qualification. But insisting that an inmate with sufficient funds use those funds to pay for medical care is neither deliberate indifference nor punishment.

Martin v. Debruyn, 880 F. Supp. 610, 615 (N.D. Ind. 1995).

Liberally construing Formica's submissions, the court concludes that he has stated plausible deliberate indifference claims against the defendants for delaying oral surgery based on his indigence. First, he has alleged facts supporting a plausible claim that he had serious medical needs. Specifically, Formica alleges that he had two painful dental conditions for which the jail dentist referred him to an oral surgeon: the cracked wisdom tooth (diagnosed in July 2013) and another tooth that cracked and left an exposed root (diagnosed in June 2014). Second, Formica has alleged facts on which he could show each defendant's deliberate indifference. It is true that Formica's complaint does not spell out precisely what responsibility each defendant holds with respect to scheduling an inmate for specialty dental care. The court finds, however, that taken in the light most favorable to him, his allegations support a reasonable inference that Defendants Aylor, Dyer, and Pitts were each, in some way, responsible for implementing or applying the jail financial policy so as to delay or deny the necessary surgeries for several months, despite the dentist's referrals, based on Formica's inability to prepay the costs. Fisher, 690 F.2d at 1143; Miltier, 896 F.2d at 855. Third, Formica states facts on which he could show that delay of

6

treatment by the oral surgeon in each of these circumstances prolonged his pain and, in the second case, allowed further deterioration of the tooth and potential complication of his heart condition. On Formica's claims that defendants delayed or denied oral surgery care for serious medical needs based on his indigence, the court will deny the motion to dismiss.

To the extent that Formica claims a constitutional right to avoid copayment charges for dental visits or to be reimbursed for the cost of having his wisdom teeth removed, the motion to dismiss must be granted. It is well established that jail officials may seek reimbursement from inmates for medical care provided to them, so long as they do not deny timely, necessary care to indigent inmates with serious medical needs. See, e.g., Martin, 880 F. Supp. at 614 ("Nothing in the Eighth Amendment . . . requires a state to provide an inmate, free of charge, with a necessary commodity that would not be free outside the prison walls and which the inmate has the legal means to obtain."); Revere, 463 U.S. at 245 n. 7 (1983) ("Nothing we say here affects any right a hospital or governmental entity may have to recover from a detainee the cost of the medical services provided to him.").

The court also will grant the motion to dismiss as to any claim that Pitts or others on the jail's medical staff deprived Formica of constitutional rights by referring him to the dentist for treatment of any dental-related pain or injury. Other jail employees could rightfully rely on the jail dentist to determine the appropriate course of treatment for Formica's dental problems. See, e.g., Miltier, 896 F.2d at 854 (finding non-medical prison personnel could rely on medical expertise of treating physician to prescribe necessary care).

## Conclusion

For the reasons stated, the court will deny defendants' motion to dismiss as to plaintiff's claims that in two instances, defendants delayed or denied dentist-recommended oral surgery

7

care for serious medical needs based on plaintiff's indigence. As to all other claims, the court will grant the motion to dismiss. As the cause of action arose at the Central Virginia Regional Jail in Orange, Virginia, and there is no demand for a jury trial, the court will refer Formica's remaining claims to the United States Magistrate Judge for further proceedings in the Charlottesville Division of this court. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for defendants.

ENTER: This 5th day of August, 2015.

/s/ Glen Conrad
Chief United States District Judge

8

Case 7:14-cv-00449-GEC-JCH   Document 46   Filed 08/05/15   Page 8 of 8   Pageid#: 193