CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 14 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL FORMICA, | ) |
| | ) Case No. 7:14CV00449 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| | ) |
| F. G. AYLOR, ET AL., | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant(s). | ) |

By opinion and order entered August 26, 2016, the court granted the defendants' motion for summary judgment, finding that plaintiff Michael Formica had not presented a genuine issue of material fact in dispute on which he could show deliberate indifference to a serious medical need by any of the defendants, related to plaintiff's dental complaints. Formica has now filed objections and motions in response to the court's ruling, seeking reinstatement of the case, denial of defendants' motion for summary judgment, and an evidentiary hearing to determine whether or not his dental problems stemmed from a preexisting condition. Defendants have responded, arguing that Formica's motions should be denied. The court agrees.

Because Formica signed and dated his motions and objections within 28 days from entry of the judgment, the court construes them as arising under Rule 59(e) of the Federal Rules of Civil Procedure. It is well established that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal citations and quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct

a clear error of law or prevent manifest injustice. See, e.g., Gagliano v. Reliance Standard Life Ins. Co., 547 F.3d 230, 241 n. 8 (4th Cir. 2008). The rule is most certainly not "intended to give an unhappy litigant one additional chance to sway the judge." Crosswhite v. E.I. Dupont de Nemours and Co., 896 F.2d 1366, 1990 WL 15686 *1 (4th Cir. 1990).

The court has carefully reviewed Formica's new submissions and finds that they do not present a circumstance warranting the requested relief. Formica merely restates the evidence and asserts legal conclusions that jail officials should pay him for the discomfort he experienced while waiting for dental care of problem that arose during his incarceration. He does not present any new law or evidence or identify any clear error of law or injustice. Therefore, the court will deny his motions seeking to alter or amend judgment. As such, the court will deny his motion for evidentiary hearing as moot.[1] An appropriate order will issue herewith.

The Clerk is directed to send a copy of this order to the plaintiff and to counsel of record for the defendants.

ENTER: This 14th day of October, 2016.

_____
Chief United States District Judge

---

[1] In any event, whether or not Formica's dental issues were preexisting conditions under the policy of the Central Virginia Regional Jail has no bearing on the court's determination that defendants did not act with deliberate indifference to any serious medical need. See Estelle v. Gamble, 429 U.S. 97, 105 (1976).